IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAR 28 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

**ALFONSO NUZZO**                                                                          **PLAINTIFF**

**VS.**                                        CAUSE NO. *3:19 CV 210 HTW-LRA*

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                  **DEFENDANT**

---

## COMPLAINT

---

The Plaintiff, Alfonso Nuzzo, individually, ("Plaintiff Nuzzo"), files this Complaint against the Defendant State Farm Mutual Automobile Insurance Company ("Defendant State Farm"), and in support hereof, states as follows:

### I.  PARTIES

1. The Plaintiff, Alfonso Nuzzo, is an adult resident citizen of Mississippi, residing in Jackson, Hinds County, Mississippi.

2. The Defendant, State Farm Mutual Automobile Insurance Company ("Defendant State Farm"), is a corporate citizen of the State of Illinois, as it is incorporated and existing under the laws of the State of Illinois, and has its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710-0001.

3. Defendant State Farm may be served by service of process on United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, MS 39110, or by service of process on the Mississippi Commissioner of Insurance, 1001 Woolfolk State Office Building, 501 North West Street, Jackson, Mississippi 39201.

## II.  JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties and with the amount in controversy exceeding $75,000.00.

5. Venue is proper in this action pursuant to 28 U.S.C. §1391 based on a substantial part of the acts and/or omissions by the Defendant giving rise to the claim stated herein having occurred or been committed within the geographical area encompassed by the United States District Court for the Southern District of Mississippi, specifically in the Northern Division thereof.

6. This Court has jurisdiction over this action and the parties based on this action arising from acts by Defendant State Farm in conducting business with Plaintiff Nuzzo the judicial district in which this action has been commenced.

7. Venue is proper in this action specifically based on a substantial part of the events and the acts and/or omissions by the Defendant giving rise to this action having occurred or been committed in the judicial district in which this action has been commenced.

8. Defendant State Farm is an entity with the capacity to sue and be sued in its common business name under applicable law and is thereby deemed to reside in any judicial district in which Defendant State Farm is subject to this Court's jurisdiction with respect to this civil action.

9. Further, Defendant State Farm is a party to a contract to be performed in whole or in part in Hinds County, Mississippi, such that Defendant State Farm is subject to this Court's personal jurisdiction in the judicial district in which this action has been commenced.

10. Moreover, Defendant State Farm has more than sufficient contacts, including but not limited to numerous insurance policies being issued in Mississippi, so as to subject it to personal jurisdiction in the State of Mississippi as a whole, and specifically in the judicial district in which this action has been commenced.

2

11. Accordingly, this Court has proper jurisdiction over this action and all of the parties thereto, and venue is proper in this Court.

### III.   FACTS

12. On or about April 8, 2016, Plaintiff Nuzzo was operating his vehicle on I-55 headed south between Meadowbrook Road and Lakeland Drive as those streets cross over I-55 in Jackson, Hinds County, Mississippi.

13. At the same time, an unidentified motorist ("the Hit-and-Run Motorist") drove or allowed his vehicle to enter Plaintiff Nuzzo's lane "side swiping" and/or making contact with the front corner of Plaintiff Nuzzo's vehicle (hereinafter "the Accident").

14. The Hit-and-Run Motorist was negligent and careless in operating his or her vehicle ("the Uninsured Motor Vehicle") by failing to pay attention while driving, failing to look out for other vehicles, failing to maintain control of his or her vehicle, and otherwise.

15. Plaintiff Nuzzo was forced to take evasive action to avoid a more serious collision and to hit his brakes suddenly causing him to be "jarred" as a result of both the collision, and the evasive action which was unavoidably necessary due to the Hit-and-Run Motorist's negligence.

16. Plaintiff Nuzzo was not negligent in any way and did not breach any duty owed to any other motorist, such that he did not cause the Accident or the resulting injuries and damages.

17. As a result of the Accident, and as a result of the negligence of the Hit-and-Run Motorist, Plaintiff Nuzzo suffered injuries and damages, including but not limited to medical expenses as a result of treatment necessary for the injuries Plaintiff Nuzzo suffered in the Accident.

18. At the time of the Accident, Plaintiff Nuzzo had five (5) separate automobile insurance policies issued by Defendant State Farm.

3

19. At the time of the Accident, Plaintiff Nuzzo was the Named Insured, and thereby clearly an insured person, under each of the five (5) policies issued by Defendant State Farm to Plaintiff Nuzzo.

20. One of the five (5) policies was Policy No. 079 9074-C04-24; and this policy was in full force and effect at the time of the Accident.

21. One of the five (5) policies was Policy No. 032 1287-D01-24D; and this policy was in full force and effect at the time of the Accident.

22. One of the five (5) policies was Policy No. C14 7329-D30-24G; and this policy was in full force and effect at the time of the Accident.

23. One of the five (5) policies was Policy No. C06 8829-E28-24D; and this policy was in full force and effect at the time of the Accident.

24. One of the five (5) policies was Policy No. 116 0124-A22-24; and this policy was in full force and effect at the time of the Accident.

25. Each of the aforementioned five (5) policies issued by Defendant State Farm to Plaintiff Nuzzo provided uninsured motorist bodily injury insurance coverage ("UMBI coverage") in the amount of two hundred fifty thousand dollars ($250,000.00) per person suffering bodily injury.

26. Under Mississippi law and the provisions of the five (5) State Farm policies, the UM coverage under each of the five (5) policies is aggregated or "stacked" for a total of one million two hundred fifty thousand dollars ($1,250,000.00) available to Plaintiff Nuzzo for injuries and damages suffered as a result of the negligence of the owner or operator of an uninsured motor vehicle (and the five (5) State Farm policies issued to Plaintiff Nuzzo are hereinafter collectively referred to as "the Policy" in accordance with the UM coverage aggregating or "stacking" as if said coverage is under a single policy).

4

27. The Hit-and-Run Motorist who caused the Accident and the injuries and damages suffered by Plaintiff Nuzzo as a result of the Accident was an operator of an uninsured motor vehicle under Mississippi law and the provisions of the Policy.

28. Therefore, as a result of the Accident caused by the negligence of the operator of an uninsured motor vehicle, Defendant State Farm became obligated to pay Plaintiff Nuzzo any and all damages which Plaintiff Nuzzo was and is entitled to recover from the Hit-and-Run Motorist as a result of the Accident.

29. In August 2016, based on how injured Plaintiff Nuzzo was from the Accident, and the damages he was suffering as a result of the Accident caused by the negligence of the Hit-and-Run Motorist, Plaintiff Nuzzo made a claim ("the Claim") accordingly to Defendant State Farm for benefits under the Policy under any and all applicable coverages.

30. Defendant State Farm acknowledged the receipt of Plaintiff Nuzzo's claim and assigned his claim Claim Number 24-958K-036 with a date of loss of April 8, 2016.

31. Duly authorized employees or representatives or agents acting for Defendant State Farm thereafter worked on and adjusted the Claim submitted by Plaintiff Nuzzo to Defendant State Farm.

32. As a result of the Claim, Defendant State Farm paid UM coverage benefits for the property damage to Plaintiff Nuzzo's vehicle.

33. Also as part of the Claim, Defendant State Farm paid Medical Payments coverage benefits to or on behalf of Plaintiff Nuzzo for his medical expenses as a result of the Accident.

34. Plaintiff Nuzzo has cooperated with Defendant State Farm at all times in regard to the Claim, including but not limited to Plaintiff Nuzzo's claim for UMBI coverage benefits, but despite Plaintiff Nuzzo's cooperation and continued request for payment of the Claim.

5

35.  Over a period of time, Defendant State Farm (through its representatives, employees, and agents) failed to adequately, properly, timely, honestly, and in good faith adjust and pay the UM/UIM Claim submitted to it by Plaintiff Nuzzo.

36. Realizing the extent of Plaintiff Nuzzo's claim for UM coverage benefits, Defendant State Farm refused and/or deliberately chose to not pay any UM coverage benefits to Plaintiff Nuzzo from August 2016 to the date of commencement of this action in March 2019.

37. Defendant State Farm's refusal and/or deliberate choice to not pay UMBI coverage benefits to Plaintiff Nuzzo constitutes, both factually and legally, a clear denial of Plaintiff Nuzzo's claim for UMBI coverage benefits, constructive and otherwise.

38.  Even after Plaintiff Nuzzo was compelled by Defendant State Farm's wrongful actions to retain the services of an attorney, Defendant State Farm still deliberately refused to fulfill its obligations under the Policy and to deal honestly and in good faith with Plaintiff Nuzzo as to the Claim, and continued to deny said Claim, constructively and willfully.

39. Consequently, Defendant State Farm breached the Policy or contract, and otherwise acted wrongfully in the handling and adjustment of Plaintiff Nuzzo's Claim, and Plaintiff Nuzzo, is entitled to a judgment against Defendant State Farm for not only contract benefits but for compensatory and/or consequential damages, as well as punitive damages, as set forth more fully herein.

### IV.    BREACH OF CONTRACT

40. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety.

41. The Policy issued by Defendant State Farm to Plaintiff Nuzzo constituted a contract under Mississippi law.

6

42. As the insured under the Policy, Plaintiff Nuzzo is thereby a party to the Policy as an insurance contract.

43. Accordingly, a contractual relationship existed between Defendant State Farm and Plaintiff Nuzzo for purposes of the Claim by Plaintiff Nuzzo to Defendant State Farm.

44. The circumstances of the Accident, the Policy, the Loss, and the Claim made by Plaintiff Nuzzo to Defendant State Farm all created a duty and an obligation on the part of Defendant State Farm to pay contractual benefits to Plaintiff Nuzzo.

45. Plaintiff Nuzzo adequately fulfilled all obligations under the Policy to the extent of the Policy provisions and any requests made by Defendant State Farm.

46. Defendant State Farm breached the contract between Plaintiff Nuzzo and Defendant State Farm, and failed to pay contractual benefits owed to Plaintiff Nuzzo under the Policy.

47. Plaintiff Nuzzo suffered damages as a result of Defendant State Farm's breach of contract as set forth more fully herein.

48. Accordingly, Plaintiff Nuzzo is entitled to a judgment against Defendant State Farm based on breach of contract, and otherwise as stated herein, for any and all damages as further stated herein.

## V.     TORTIOUS BREACH OF CONTRACT

49. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety.

50. The Policy issued by Defendant State Farm to Plaintiff Nuzzo constituted a contract under Mississippi law.

51. As the insured, under the Policy, Plaintiff Nuzzo is thereby a party to the Policy as an insurance contract.

7

52. Accordingly, a contractual relationship existed between Defendant State Farm and Plaintiff Nuzzo for purposes of the Claim by Plaintiff Nuzzo to Defendant State Farm, and Defendant State Farm thereby had a duty to act in good faith and deal fairly with Plaintiff Nuzzo in performance of the contract.

53. The circumstances of the Accident, the Policy, the Loss, and the Claim made by Plaintiff Nuzzo to Defendant State Farm all created a duty and an obligation on the part of Defendant State Farm to pay contractual benefits to Plaintiff Nuzzo.

54. Plaintiff Nuzzo adequately fulfilled all obligations under the Policy to the extent of the Policy provisions and any requests made by Defendant State Farm.

55. Defendant State Farm breached the contract between Plaintiff Nuzzo and Defendant State Farm, and failed to pay the contractual benefits owed to Plaintiff Nuzzo under the Policy.

56. Plaintiff Nuzzo suffered damages as a result of Defendant State Farm's breach of contract as set forth more fully herein.

57. Defendant State Farm denied, actually and/or constructively, Plaintiff Nuzzo's Claim under the Policy.

58. Defendant State Farm denied, actually and/or constructively, Plaintiff Nuzzo's Claim under the Policy without any legitimate arguable reason.

59. Defendant State Farm failed to act in good faith and deal fairly with Plaintiff Nuzzo as to his Claim.

60. The conduct by Defendant State Farm in breaching the contract between Defendant State Farm and Plaintiff Nuzzo constitutes tortious breach of contract and bad faith of Defendant State Farm's part, rising to the level of an independent tort.

61. In tortiously breaching the contract between Defendant State Farm and Plaintiff Nuzzo, Defendant State Farm acted in bad faith and with actual malice, and/or gross negligence which evidences a willful, wanton and/or reckless disregard of the rights of Plaintiff Nuzzo.

62. Plaintiff Nuzzo suffered damages as a result of Defendant State Farm's tortious breach of contract, as set forth more fully herein.

63. Accordingly, Plaintiff Nuzzo is entitled to a judgment against Defendant State Farm based on tortious breach of contract, and bad faith, for any and all damages as further stated herein.

## VI.   GROSS NEGLIGENCE

64. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety.

65. The Policy issued by Defendant State Farm to Plaintiff Nuzzo constituted a contract under Mississippi law.

66. As the Insured under the Policy, Plaintiff Nuzzo is party to the Policy as an insurance contract.

67. Accordingly, a contractual relationship existed between Defendant State Farm and Plaintiff Nuzzo for purposes of the Claim by Plaintiff Nuzzo to Defendant State Farm.

68. The circumstances of the Accident, the Policy, the Loss, and the Claim made by Plaintiff Nuzzo to Defendant State Farm all created a duty and an obligation on the part of Defendant State Farm to promptly and fairly adjust the Claim, and to pay contractual benefits to Plaintiff Nuzzo.

69. Plaintiff Nuzzo adequately fulfilled his obligations under the Policy to the full extent of the Policy provisions and any requests made by Defendant State Farm.

70. Defendant State Farm acted in gross negligence as to the contract between Plaintiff Nuzzo and Defendant State Farm, and breached its duties to Plaintiff Nuzzo in adjusting the Claim and in failing to pay the contractual benefits owed to Plaintiff Nuzzo under the Policy.

71. The contract existing between Defendant State Farm and Plaintiff Nuzzo created a duty and an obligation on the part of Defendant State Farm to act in good faith and to deal fairly with Plaintiff Nuzzo in regard to the Claim and otherwise act reasonably toward Plaintiff Nuzzo.

72. Defendant State Farm breached this duty to act in good faith and deal fairly with Plaintiff Nuzzo, and Defendant State Farm instead acted in a grossly negligent manner toward Plaintiff Nuzzo.

73. Defendant State Farm was grossly negligent and denied, actually and constructively, Plaintiff Nuzzo's Claim under the Policy.

74. Defendant State Farm was grossly negligent and failed to comply with the provisions of the Policy in the process of denying, actually and constructively, Plaintiff Nuzzo's Claim.

75. The conduct by Defendant State Farm in breaching the contract between Defendant State Farm and Plaintiff Nuzzo constituted gross negligence.

76. In acting in gross negligence and tortiously breaching the contract between Defendant State Farm and Plaintiff Nuzzo, and acting otherwise as described herein, Defendant State Farm acted with actual malice, and/or gross negligence which evidences a willful, wanton or reckless disregard to the rights of Plaintiff Nuzzo and others.

77. Plaintiff Nuzzo suffered damages as a result of Defendant State Farm's gross negligence as set forth more fully herein.

78. Accordingly, Plaintiff Nuzzo is entitled to a judgment against Defendant State Farm based on gross negligence, and as otherwise stated herein, for any and all damages as further stated herein.

## VII.   DAMAGES

### A. COMPENSATORY AND/OR CONSEQUENTIAL DAMAGES

79. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety.

80. Plaintiff Nuzzo is entitled to compensatory damages from Defendant State Farm based on Defendant State Farm's breach of contract, tortious breach of contract in bad faith, and gross negligence.

81. Plaintiff Nuzzo has suffered and is entitled to compensatory damages, including but not limited to damages for any and all contractual benefits, emotional distress, expenses (including but not limited to public adjuster fees and costs), attorney fees, costs of litigation, and otherwise to be proven in this action.

82. Defendant State Farm knew or should have known its conduct would force Plaintiff Nuzzo to need and hire an attorney to pursue this action, and to thereby incur fees and costs, all of which was foreseeable to Defendant State Farm.

83. Moreover, Defendant State Farm knew (or should have known) that litigation would be commenced if Defendant State Farm did not comply with Defendant State Farm's obligations under the contract, and thereby breached the contract.

84. Accordingly, not only were attorney fees and costs for litigation clearly foreseeable to Defendant State Farm as compensatory and/or consequential damages which would be suffered by Plaintiff Nuzzo as a result of Defendant State Farm's breach of contract and tortious breach of contract, Defendant State Farm was expressly aware such compensatory and/or consequential damages would be suffered by Plaintiff Nuzzo as a result of Defendant State Farm's conduct.

85. Further, the conduct of Defendant State Farm was and is outrageous, and rises to the level of an independent tort, further mandating recovery by Plaintiff Nuzzo of all of the aforementioned compensatory and/or consequential damages, including but not limited to damages for emotional distress, and attorney fees, as well as costs of Court in this litigation.

86. Still further, Plaintiff Nuzzo is entitled to both prejudgment and post judgment interest based on Defendant State Farm's outrageous conduct and otherwise.

87. Accordingly, Plaintiff Nuzzo is entitled to a judgment against Defendant State Farm based on all acts and omissions as stated herein, for any and all damages, and other relief as stated herein.

## B. PUNITIVE DAMAGES

88. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety.

89. The contract existing between Defendant State Farm and Plaintiff Nuzzo created a duty and obligation on the part of Defendant State Farm to act in good faith and to deal fairly with Plaintiff Nuzzo in regard to the Claim and otherwise.

90. Defendant State Farm breached this duty to act in good faith and deal fairly with Plaintiff Nuzzo and instead acted in gross negligence and/or in bad faith, and dealt unfairly with Plaintiff Nuzzo.

91. Defendant State Farm denied, actually and constructively, Plaintiff Nuzzo's Claim for benefits under the Policy or contract without any legitimate arguable reason.

92. Defendant State Farm deliberately failed to honor and pay Plaintiff Nuzzo's Claim that should have been promptly and fairly adjusted, then paid, and Defendant State Farm had no legitimate arguable reason for its denial, actual and constructive, of said Claim.

93.   Defendant State Farm acted with actual malice, and/or gross negligence which evidences a willful, wanton or reckless disregard to the rights of Plaintiff Nuzzo and/or committed actual fraud.

94.   Plaintiff Nuzzo suffered damages as a result of Defendant State Farm's conduct as set forth more fully herein, such that there is a basis for an award of both compensatory damages and punitive damages accordingly.

95.   Plaintiff Nuzzo is entitled to a judgment against Defendant State Farm based on the acts and omissions as stated herein, for any and all damages as further stated herein, including punitive damages.

96.   An award of punitive damages should be made against Defendant State Farm in an amount sufficient to punish Defendant State Farm, and to deter similar conduct in the future by Defendant State Farm and other insurance carriers who denied claim without legitimate arguable reasons.

WHEREFORE, the above premises considered, Plaintiff Nuzzo request this Court to enter a judgment against Defendant State Farm for compensatory damages, consequential damages, prejudgment interest, post-judgment interest, attorney fees, costs of Court, punitive damages, and any and all other relief appropriate under the circumstances.

This the 28th day of March 2019.

Respectfully Submitted,

**ALFONSO NUZZO, PLAINTIFF**

William C. Griffin (MSB No. 5021)

13

**COUNSEL:**

Bobby L. Dallas, MSB No. 5778
William C. Griffin, MSB No. 5021
SESSUMS DALLAS, PLLC
240 Trace Colony Park Drive, Suite 100
Ridgeland, MS 39157
Telephone:  601.933.2040
Facsimile:   601.933.2050
E-mail:  wgriffin@sessumsdallas.com