**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ALFONSO NUZZO**                      **PLAINTIFF**

**VS.**                      **CAUSE NO. 3:19-cv-00210-HTW-LRA**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                      **DEFENDANT**

---

**PLAINTIFF AL NUZZO'S MOTION TO QUASH
DEFENDANT STATE FARM'S SUBPOENA DUCES TECUM
AND FOR A PROTECTIVE ORDER AS TO SAID SUBPOENA**

---

**COMES NOW** the Plaintiff, Al Nuzzo, in the above-styled and numbered cause, by and through counsel, and requests this Court to Quash a Subpoena for Production of Documents which the Defendant, State Farm, through counsel, had issued for service on the law firm, Markow Walker, P.A., and also for a Protective Order from the Court as to said Subpoena and documents as described more fully herein, and states as follows:

**I. BACKGROUND**

1. This lawsuit arises from claims by the Plaintiff, Al Nuzzo, submitted under his vehicle insurance policies issued to him by the Defendant, State Farm, particularly an uninsured motorist bodily injury (UMBI) coverage claim which State Farm failed to pay for well over two years after the claim was submitted by Al Nuzzo. See Complaint, Doc. 1.

2. State Farm very much belatedly conceded the validity of Al Nuzzo's UMBI claim by letter dated March 15, 2019, in which State Farm clearly stated "confirmation that State Farm is applying his [Al Nuzzo's] Uninsured Motorist benefits" and that State Farm was "not asserting a position to disclaim coverage for this loss." See letter attached hereto as Exhibit "1".

3. This letter is a very much belated confirmation by State Farm of the validity of Al Nuzzo's UMBI claim because the claim arose from an April 2016 accident, and was made to State Farm in August 2016, while the letter is dated March 2019 (as shown) which is, of course, over two-and-a-half years after the claim was made, clearly an abusively long period of time during which State Farm did not pay or even offer to pay a single penny of said UMBI coverage to Al Nuzzo on his valid claim.

4. During the period of time in which State Farm failed to fulfil its duty to promptly and reasonably adjust and pay Al Nuzzo's claim, Al Nuzzo provided State Farm more than one (1) medical authorization to obtain his medical records.  Moreover, after this litigation was commenced (because State Farm had not paid or offered to pay Al Nuzzo on his UMBI claim prior to litigation), Al Nuzzo once again provided State Farm with an authorization.

5. State Farm, through counsel, in an attempt to engage in post-litigation adjusting of Al Nuzzo's UMBI claim, has obtained Al Nuzzo's medical records and bills from numerous physicians, medical facilities, and otherwise (which they could have done or failed to do during the claim adjustment process).  See letter from State Farm's counsel dated January 16, 2020, listing bills and records from no less than nineteen (19) different medical care providers attached hereto as Exhibit "2".

6. Al Nuzzo is an attorney who practiced law for decades in the Jackson, Mississippi area, including at the Markow Walker Law Firm, until he became disabled in approximately 2012, years before the accident at issue in this case that occurred in 2016, and State Farm is well aware of this having taken Mr. Nuzzo's sworn statement in the claim process in 2017.  State Farm is also aware that Mr. Nuzzo had pre-existing conditions, had received medical treatment, and took medication for his condition prior to this accident, but that the accident clearly exacerbated Mr. Nuzzo's condition, as well as creating the need for surgery.

## II.  SUBPOENA

7. With this matter now in discovery, the Defendant, State Farm, filed a Notice of Intent to Serve Subpoena and had issued a Subpoena for Production of Documents for service on Markow Walker Law Firm for records (possibly) maintained by the law firm.  See copy of Notice and the accompanying Subpoena attached thereto as Exhibit "A", both of which are attached hereto as a collective Exhibit "3".

## III.  RECORDS SOUGHT

8. As shown in Exhibit "3" attached hereto, State Farm is seeking "any and all records for Alfonso Nuzzo relating to health and/or disability claims, medically-related leaves of absence, and/or workers' compensation claims.  In addition, records identifying the health and disability insurance carriers utilized while Alfonso Nuzzo worked at your firm."

9. This prying into Al Nuzzo's past history, going back decades, is nothing more than a judicially prohibited "fishing expeidtion," and is overly broad, unnecessary, abusive and, frankly, ridiculous under the circumstances in seeking irrelevant information and documents.

10. Something which conceivably occurred fifteen (15) or twenty (20) years ago, for example, would have no bearing whatsoever on State Farm's failure to properly and reasonably adjust Al Nuzzo's claim in 2016 in failing to pay his UMBI claim in any way prior to this litigation being commenced.  State Farm is desperately and impermissibly "grasping at straws."

11. State Farm's Subpoena, and its attempt to do discovery by said Subpoena, are obviously not reasonably tailored to what State Farm needs for adjustment of the claim and clearly constitutes harassment and invasion of privacy far beyond any boundaries of permissible conduct by State Farm in this matter.

## IV. CONCLUSION

12. Not only does the Subpoena issued by State Farm and served on the law firm, Markow Walker, P.A. seek materials and information which are confidential and are non-discoverable, such information is irrelevant and beyond the scope of discovery in this matter.

13. Accordingly, the Plaintiffs request this Court to Quash the subject Subpoena which the Defendant, State Farm had issued and served on the law firm, Markow Walker, P.A. various records and to issue a Protective Order not only quashing said Subpoena but also maintaining the confidentiality and enforcing the non-discoverable protection as to said records.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, the Plaintiff, Al Nuzzo, requests this Court to provide the relief specified herein and any other relief appropriate under the circumstances.

**THIS** the 28th day of January 2020.

        Respectfully submitted,

        **AL NUZZO**

        By: /s/William C. Griffin

OF COUNSEL:
WILLIAM C. GRIFFIN, MSB NO. 5021
SESSUMS DALLAS, PLLC
240 TRACE COLONY PARK DRIVE, SUITE 100
RIDGELAND, MISSISSIPPI 39157
601.933.2040 - TELEPHONE
601.933.2050 - FACSIMILE

## CERTIFICATE OF SERVICE

I, **WILLIAM C. GRIFFIN**, do hereby certify that on this day I have delivered, via electronic filing through the ECF system a true and correct copy of the above and foregoing document to counsel as follows:

> John A. Banahan, Esquire
> Michael R. Moore, Esquire
> Bryan, Nelson, Schroeder, Castigliola & Banahan
> 1103 Jackson Avenue
> Post Office Drawer 1529
> Pascagoula, Mississippi 39568-1529
> e-mail: john@bnscb.com
> michael@bnscb.com

**THIS** the 28th day of January 2020.

>                             /s/William C. Griffin
>                             WILLIAM C. GRIFFIN