# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ALFONSO NUZZO**  **PLAINTIFF**

**VS.**  **CAUSE NO. 3:19-cv-00210-HTW-LRA**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**  **DEFENDANT**

---

## PLAINTIFF AL NUZZO'S MOTION TO QUASH
## DEFENDANT STATE FARM'S SUBPOENA DUCES TECUM
## AND FOR A PROTECTIVE ORDER AS TO SAID SUBPOENA

---

**COMES NOW** the Plaintiff, Al Nuzzo, in the above-styled and numbered cause, by and through counsel, and requests this Court to Quash a Subpoena for Production of Documents which the Defendant, State Farm, through counsel, had issued for service on the Mississippi Board of Pharmacy, and also for a Protective Order from the Court as to said Subpoena and documents as described more fully herein, and states as follows:

### I. BACKGROUND

1. This lawsuit arises from claims by the Plaintiff, Al Nuzzo, submitted under his vehicle insurance policies issued to him by the Defendant, State Farm, particularly an uninsured motorist bodily injury (UMBI) coverage claim which State Farm failed to pay for well over two years after the claim was submitted by Al Nuzzo. See Complaint, Doc. 1.

2. State Farm very much belatedly conceded the validity of Al Nuzzo's UMBI claim by letter dated March 15, 2019, in which State Farm clearly stated "confirmation that State Farm is applying his [Al Nuzzo's] Uninsured Motorist benefits" and that State Farm was "not asserting a position to disclaim coverage for this loss." See letter attached hereto as Exhibit "1".

1

3. This letter is a very much belated confirmation by State Farm of the validity of Al Nuzzo's UMBI claim because the claim arose from an April 2016 accident, and was made to State Farm in August 2016, while the letter is dated March 2019 (as shown) which is, of course, over two-and-a-half years after the claim was made, clearly an abusively long period of time during which State Farm did not pay or even offer to pay a single penny of said UMBI coverage to Al Nuzzo on his valid claim.

4. During the period of time in which State Farm failed to fulfil its duty to promptly and reasonably adjust and pay Al Nuzzo's claim, Al Nuzzo provided State Farm more than one (1) medical authorization to obtain his medical records. Moreover, after this litigation was commenced (because State Farm had not paid or offered to pay Al Nuzzo on his UMBI claim prior to litigation), Al Nuzzo once again provided State Farm with an authorization.

5. State Farm, through counsel, in an attempt to engage in post-litigation adjusting of Al Nuzzo's UMBI claim, has obtained Al Nuzzo's medical records and bills from numerous physicians, medical facilities, and otherwise (which they could have done or failed to do during the claim adjustment process). <u>See</u> letter from State Farm's counsel dated January 16, 2020, listing the records from no less than nineteen (19) different medical care providers attached hereto as Exhibit "2".

6. Al Nuzzo is an attorney who practiced law for decades in the Jackson, Mississippi area until he became disabled in approximately 2012, years before the accident at issue in this case that occurred in 2016, and State Farm is well aware of this having taken Mr. Nuzzo's sworn statement in the claim process in 2017. State Farm is also aware that Mr. Nuzzo had pre-existing conditions, had received medical treatment, and took medication for his condition prior to this accident, but that the accident clearly exacerbated Mr. Nuzzo's condition, as well as creating the need for surgery.

## II. SUBPOENA

7. With this matter now in discovery, the Defendant, State Farm, filed a Notice of Intent to Serve Subpoena and had issued a Subpoena for Production of Documents for service on the Mississippi Board of Pharmacy for records maintained by the Mississippi Prescription Monitoring Program. See copy of Notice [Doc. XX] and the accompanying Subpoena attached thereto as Exhibit "A", both of which are attached hereto as a collective Exhibit "3".

## III. PRESCRIPTION MONITORING PROGRAM

8. The Mississippi Board of Pharmacy established the Mississippi Prescription Monitoring Program ("MS PMP") as shown on the website for the Mississippi Board of Pharmacy, with the website also providing links to the "MS PMP statute" and the "MS PMP regulations". See print of home screen for the MS PMP attached hereto as Exhibit "4".

9. The Mississippi Prescription Monitoring Program ("MS PMP") was established pursuant to Mississippi statutory law. See copy of MS Code Ann. § 73-21-127 (2017), obtained directly by link from the Mississippi Prescription Monitoring Program website for the Mississippi Board of Pharmacy, attached hereto as Exhibit "5".

10. As also linked on the website, the regulations are provided, specifically "Article XLIII Prescription Monitoring Program", a copy of which is attached hereto as Exhibit "6".

11. Both the statute and the regulations provide for confidentiality as follows:

> (e) (i) Access to collected data shall be confidential and not subject to the provisions of the federal Freedom of Information Act or the Mississippi Open Records Act. Upon request, the State Board of Pharmacy shall provide collected information to: pharmacists or practitioners who are properly registered with the State Board of Pharmacy and are authorized to prescribe or dispense controlled substances for the purpose of providing medical and pharmaceutical care for their patients; local, state and federal law enforcement officials engaged in the administration, investigation or enforcement of the laws governing illicit drug use; regulatory and licensing boards in this state; Division of Medicaid and Medicare Program recipients; judicial authorities under grand jury subpoena; an individual who requests the individual's own

prescription monitoring information; and prescription monitoring programs in other states through mutual agreement adhering to State Board of Pharmacy policies.

See subsection (e) (i) of the Statute (Exhibit "5") and subsection of (e) (i) of the Regulations (Exhibit "6").

12. As can be read above, one of the exceptions to confidentiality includes "judicial authorities under grand jury subpoena". **However, no such exception exists for State Farm's Subpoena in this civil action under existing circumstances.** This is obviously not a criminal matter and Al Nuzzo has not been accused of any misconduct.

13. Moreover, the Mississippi Board of Pharmacy specifically provides answers to Frequently Asked Questions ("FAQs") on the website for the benefit of users and the public. See print from website attached hereto as Exhibit "7".

14. Those FAQs and the formal responses from the Mississippi Board of Pharmacy as to the MS PMP include as follows:

   1) Can I run a report on a patient who I have treated in the past, but am not currently treating?

      - Pharmacists or prescribers can request a Patient PMP Report solely for the purpose of treatment. If you are no longer treating the patient, you are not authorized to request a MSPMP report.

   1) Can we use the MSPMP report in court?

      - MSPMP reports are not evidence and should not be presented in court. MSPMP was designed to be used as a tool for making informed pharmaceutical decisions by gathering controlled substance information.

   See printed questions and answers from the FAQs on the Mississippi Board of Pharmacy website for the MS PMP attached hereto as Exhibit "7".

15. Consequently, per the MS PMP itself, even a physician who treated Al Nuzzo in the past from his injuries arising from the accident is not authorized to request a MS PMP report either by "login" or by Subpoena, and certainly not an insurance company such as State Farm.

16. Further, as directly specified by the Mississippi Board of Pharmacy: **"MS PMP reports are not evidence and should not be presented in court."** (Emphasis added.) Therefore, the records sought by the Defendants are not, by force of logic, obtainable or discoverable by Subpoena or otherwise in this civil matter.

## IV. <u>CONCLUSION</u>

17. Thus, not only does the Subpoena issued by State Farm and served on the Mississippi Board of Pharmacy seek materials and information which are confidential and are non-discoverable, such information is irrelevant and beyond the scope of discovery in this matter and/or the equivalent can be obtained (and has been obtained) by State Farm by other means of discovery.

18. Accordingly, the Plaintiffs request this Court to Quash the subject Subpoena which the Defendant, State Farm had issued and served on the Mississippi Board of Pharmacy for Prescription Monitoring Program records and to issue a Protective Order not only quashing said Subpoena but also maintaining the confidentiality and enforcing the non-discoverable protection as to the report.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, the Plaintiff, Al Nuzzo, requests this Court to provide the relief specified herein and any other relief appropriate under the circumstances.

**THIS** the 28th day of January 2020.

> Respectfully submitted,
>
> **AL NUZZO**
>
> By: /s/William C. Griffin

OF COUNSEL:
WILLIAM C. GRIFFIN, MSB NO. 5021
SESSUMS DALLAS, PLLC
240 TRACE COLONY PARK DRIVE, SUITE 100
RIDGELAND, MISSISSIPPI 39157
601.933.2040 - TELEPHONE
601.933.2050 - FACSIMILE

## CERTIFICATE OF SERVICE

I, **WILLIAM C. GRIFFIN**, do hereby certify that on this day I have delivered, via electronic filing through the ECF system a true and correct copy of the above and foregoing document to counsel as follows:

John A. Banahan, Esquire
Michael R. Moore, Esquire
Bryan, Nelson, Schroeder, Castigliola & Banahan
1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, Mississippi 39568-1529
e-mail: john@bnscb.com
michael@bnscb.com

**THIS** the 28th day of January 2020.

/s/William C. Griffin
WILLIAM C. GRIFFIN